**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
Case No. 13-22983-CIV-GRAHAM/GOODMAN

DMITRY BARANOV, et al.,

    Plaintiffs,

vs.

DORAKU LINCOLN ROAD LLC., et al.,

    Defendants.
_____/

**ORDER**

**THIS CAUSE** is before the Court upon the plaintiffs' Unopposed Motion for Reconsideration [D.E. 28].

**THE COURT** notes that this is a Fair Labor Standards Act ("FLSA") case in which Plaintiffs seek unpaid wages. On October 11, 2013, the parties filed a Notice of Settlement.[D.E. 24]. On October 14, 2013, Plaintiffs filed a Notice of Voluntary Dismissal without Prejudice pursuant to Rule 41(a)(1)(A)(i).[D.E. 26]. Thereafter, on October 24, 2013, the Court issued a Notice of Court Practice upon Notice of Settlement, directing the parties to "file a copy of the fully executed Settlement Agreement, the billing records for Plaintiff's counsel, and any other pertinent document necessary to conclude this action." [D.E. 27]. On November 5, 2013, Plaintiffs filed the instant motion for reconsideration asserting that "once a dismissal is filed under Rule 41(a)(1)(A)(i), the

1

Court no longer has jurisdiction, because the Rules of Civil Procedure permits, and always has, dismissal in FLSA cases without court order." [D.E. 28]. The Court disagrees for the reasons set forth below, plaintiffs' Unopposed Motion for Reconsideration [D.E. 28] is **DENIED**.

Plaintiffs have presented inconsistent information that impairs the Court's ability to determine what terms are proper for the dismissal of this matter. As stated above, plaintiffs seek to voluntarily dismiss these individual defendants *without prejudice* [D.E. 26]. However, the parties also filed a notice of settlement in this FLSA action [D.E. 24].

Fed.R.Civ.P. 41(a)(1)(A)(i) allows voluntary dismissal without court action, if the notice of dismissal is filed before the defendants "serve either an answer or a motion for summary judgment." Fed.R.Civ.P. 41(a)(1)(A)(i). Rule 41(a)(1)(A)(ii) permits the parties to stipulate to dismissal "[s]ubject to ... any applicable federal statute."

The circuit is silent as to cases such as this, where a party seeks dismissal without prejudice under Rule 41(a)(a)(A)(i), and a seemingly private settlement has been reached. However, Courts have held that the FLSA requires court approval of the terms under which the parties may dismiss with prejudice a FLSA claim. <u>Lynn's Food Stores, Inc. v. United States</u>, 679 F.2d 1350, 1353 (11th Cir.1982).

2

The language of the FLSA statute contemplates that the wronged employee should receive his full wages plus the penalty without incurring any expense for legal fees or costs. Silva v. Miller, 307 F. App'x 349, 351 (11th Cir. 2009). "Congress made the FLSA's provisions mandatory; thus, the provisions are not subject to negotiation or bargaining between employers and employees. FLSA rights cannot be abridged by contract or otherwise waived because this would nullify the purposes of the statute and thwart the legislative policies it was designed to effectuate." Lynn's Food Stores, 679 F.2d at 1352 (internal quotation marks and citations omitted). As a result, "[t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees." Id. at 1352. That is, "[o]ther than a ... payment supervised by the Department of Labor, there is only one context in which compromises of FLSA back wages or liquidated damage claims may be allowed: a stipulated judgment entered by a court which has determined that a settlement proposed by an employer and employees, in a suit brought by the employees under the FLSA, is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." Id. at 1355.

FLSA claims may be compromised only after the court reviews and approves a settlement in a private action for back wages under 29 U.S.C. § 216(b). If the dismissal contemplated by the parties reflects "a reasonable compromise over issues," the court may

3

approve it. Id. at 1354. On its face, Lynn's Food suggests no exception to judicial oversight of settlements when the employee receives all wages due. Silva v. Miller, 307 F. App'x 349, 351 (11th Cir. 2009).

Here, while Defendants have not filed a response to Plaintiffs' complaint, counsel for Defendants has filed an appearance and the parties filed an agreed motion for extension of time to file a response [D.E. 19], which was granted [D.E. 21]. In the interim a settlement was reached between the parties and duly noted on the docket [D.E. 24]. While Plaintiffs dismissal is without prejudice, there is clearly the contemplation of a settlement that must be considered and approved by the Court, as intended by Congress. Neither the Plaintiffs' notice of settlement, nor voluntary dismissal, provides information that would allow this Court to determine whether the settlement result would be a fair and reasonable resolution of the FLSA claims.

There may be circumstances in which voluntary dismissal of an FLSA claim without a court order is proper, but to allow it in the present case, where the parties have reached a settlement agreement, would allow parties to avoid the FLSA's judicial supervision requirement. Accordingly, the Court finds that the plaintiffs in this case may not voluntarily dismiss this case, without a court order pursuant to Rule 41(a)(1). Instead, the case

may be dismissed at the plaintiffs request only by court order, on terms approved by the court. Accordingly, it is

**ORDERED AND ADJUDGED** that plaintiffs' Unopposed Motion for Reconsideration [D.E. 28]is **DENIED.** Within fourteen (14) days of the date of this Order, the parties shall move for approval of the proposed agreement for dismissal. In the motion, the parties should describe the bona fide dispute or disputes resolved by the compromise and confirm that the filed agreement includes every term and condition of the parties' resolution (in other words, confirm the absence of any "side deal"). In addition, the parties must either (1) demonstrate the reasonableness of the proposed attorney's fee using the lodestar approach or (2) represent that the parties agreed to the plaintiff's attorney's fee separately and without regard to the amount paid to settle the plaintiff's FLSA claim.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 14th day of November, 2013.

_____
DONALD L. GRAHAM
UNITED STATES DISTRICT JUDGE

cc: Counsel of Record